UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- X
                                        :
IN RE WORLDCOM, INC. SECURITIES         :          MASTER FILE
LITIGATION                              :       02 Civ. 3288 (DLC)
                                        :
--------------------------------------- X       <u>OPINION AND ORDER</u>
                                        :
HALLISEY & JOHNSON PROFIT SHARING PLAN, :
HALLISEY & JOHNSON MONEY PURCHASE       :
PENSION TRUST, individually and on      :
behalf of all others similarly         :
situated,                               :
                                        :
                    Plaintiffs,         :       02 Civ. 5119
             -v-                        :
                                        :
CITIGROUP GLOBAL MARKETS, INC. f/k/a    :
SALOMON SMITH BARNEY INC., JACK         :
GRUBMAN,                                :
                                        :
                    Defendants.         :
                                        :
--------------------------------------- X

Appearances:

For Plaintiffs Hallisey & Johnson
Profit Sharing Plan and Hallisey &
Johnson Money Purchase Pension Trust:
Steven Williams
Joseph Cotchett
Bruce Simon
Aron Liang
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road
Burlingame, CA 94010


For Defendants Citigroup Inc.,
Citigroup Global Markets Inc. f/k/a
Salomon Smith Barney Inc., and Jack
Grubman:
Richard A. Rosen
Brad S. Karp
Eric S. Goldstein
Walter Rieman
Paul, Weiss, Rifkind, Wharton &
Garrison LLP

1285 Avenue of the Americas
New York, NY 10019-6064

and

Peter K. Vigeland
Wilmer Cutler Pickering Hale and Dorr
LLP
399 Park Avenue
New York, NY 10022


DENISE COTE, District Judge:

Hallisey & Johnson Profit Sharing Plan and Hallisey & Johnson Money Purchase Pension Trust ("Hallisey") have moved for relief from a July 26, 2004 Order dismissing their lawsuit as part of the In re Salomon Analyst WorldCom Litigation ("Salomon Analyst WorldCom"). Hallisey, a member of the class certified in 2003 for purchasers of the securities of WorldCom, Inc. ("WorldCom") who opted out of that class action ("WorldCom Class Action"), seeks by this motion practice to revive a separate putative class action against Salomon Smith Barney ("SSB") and Jack Grubman ("SSB Defendants"). Hallisey was not appointed lead plaintiff in that latter action, and the action was dismissed in connection with the settlement of the WorldCom Class Action. Hallisey's motion to vacate dismissal of its putative class action is denied.


**Procedural History**

The background to this motion practice requires a
description of the WorldCom Securities Litigation as well as
Salomon Analyst WorldCom.[1]  On June 25, 2002, WorldCom announced
a massive restatement of its financials.  Shortly thereafter it
filed for bankruptcy.  Beginning on April 30, 2002, even before
WorldCom announced its financial restatement, class action
litigation had been filed in the Southern District of New York
alleging that WorldCom and those associated with it had violated
federal securities laws.  That litigation was assigned to this
Court.  In the months following WorldCom's restatement, multiple
lawsuits were filed alleging violations of both federal and state
laws.  Those actions filed in state courts were removed as
"related to" WorldCom's bankruptcy.  Actions outside this
district were then transferred to this Court by the Judicial
Panel on Multi-District Litigation ("MDL Panel").

Consolidation of WorldCom Class Action

---

[1] The history of both WorldCom's collapse and the resulting
litigation has been described in many prior opinions by this
Court.  See, e.g., In re WorldCom, Inc. Sec. Litig., 02 Civ. 3288
(DLC), 2004 WL 2591402 (S.D.N.Y. Nov. 12, 2004) (approval of
consolidated class action settlement with Citigroup defendants);
In re WorldCom, Inc. Sec. Litig., 346 F. Supp. 2d 628 (S.D.N.Y.
2004) (addressing Underwriter Defendants' motion for summary
judgment); In re WorldCom, Inc. Sec. Litig., 294 F. Supp. 2d. 392
(S.D.N.Y. 2003) (deciding a number of defendants' motions to
dismiss class action, including the motion of Citigroup, Inc.,
Salomon Smith Barney and Jack Grubman).

This Court consolidated all class actions into the WorldCom
Class Action by Order dated August 15, 2002.  A consolidated
amended class action complaint was filed on October 11, 2002, on
behalf of "all person and entities who purchased or otherwise
acquired publicly traded securities of WorldCom, Inc. during the
period beginning April 29, 1999 through and including June 25,
2002."  The defendants included WorldCom officers and directors,
underwriters of WorldCom bond offerings, and the Citigroup
Defendants, that is the SSB defendants and SSB's corporate parent
Citigroup, Inc.  The Citigroup Defendants were named in a Section
10(b) securities fraud claim based on <u>inter</u> <u>alia</u> Jack Grubman's
conflict of interest in his role as a lead telecommunications
analyst at SSB.

By Order dated December 23, 2002, the Court determined that
all individual actions ("Individual Actions") and the WorldCom
Class Action involved common questions of law and fact and that
they should be consolidated for pretrial purposes.  <u>See</u> <u>In re</u>
<u>WorldCom, Inc. Sec. Litig.</u>, No. 02 Civ. 3288(DLC), 2002 WL
31867720 at *1 (S.D.N.Y. Dec. 23, 2002).  The consolidated
WorldCom securities litigation is referred to as the <u>Securities</u>
<u>Litigation</u>.


<u>Consolidation of In re Salomon Analyst Litigation</u>

Hallisey filed its complaint on July 2, 2002 ("Hallisey
Action").  The complaint was styled as a class action and was
brought on behalf of "investors in [WorldCom] who purchased
WorldCom common stock during the period July 1, 1999 through

April 22, 2002." It also sought to recover under federal securities law for damages caused by Jack Grubman's conflict of interest in his role as a lead telecommunications analyst at SSB. On July 12, 2002, Hallisey filed a motion seeking to be appointed Lead Plaintiff in all related cases.

The Hallisey Action was initially assigned to the Honorable Lewis Kaplan. On August 16, 2002, it was consolidated with fourteen other actions as In re Salomon Analyst Litigation. What these actions had in common was the identity of the defendants: each named one or more of the Citigroup Defendants. The actions were brought, however, on behalf of investors in a variety of securities.

On November 14, 2002, In re Salomon Analyst Litigation was reassigned to the Honorable Barbara Jones. On January 24, 2003, Judge Jones issued a case management order ("January 2003 Order") consolidating the actions that had been consolidated by Judge Kaplan with approximately sixty-five other actions brought against the Citigroup Defendants. The January 2003 Order noted that all of the actions being consolidated involved "allegations relating to analyst research reports" and that the actions asserted claims on behalf of shareholders of nine issuers. The new action continued to be called In re Salomon Analyst Litigation but also further consolidated the approximately eighty actions under nine separate lead actions based on nine different issuers of stock. The Hallisey action was made part of Salomon Analyst WorldCom, which consolidated seventeen actions for all

purposes "on behalf of purchasers of the common stock of
WorldCom, Inc."

Appointment of NYSCRF as Lead Plaintiff

On February 4, 2003, the In re Salomon Analyst Litigation
was reassigned to the Honorable Gerard Lynch.  On March 20, 2003,
Judge Lynch issued a second case management order ("March 2003
Order").  The March 2003 Order designated a Lead Plaintiff in
each of the nine Salomon Analyst actions, and rejected all
unsuccessful pending motions for appointment as Lead Plaintiff,
including Hallisey's.  The New York State Common Retirement Fund
("NYSCRF") was named the Lead Plaintiff in Salomon Analyst
WorldCom.  The same order also appointed Lead Counsel in each of
the actions; Bernstein Litowitz Berger & Grossman, L.L.P.
("Bernstein Litowitz") was appointed Lead Counsel in Salomon
Analyst WorldCom.

With the March 2003 Order, control of the fate of the
WorldCom Class Action and Salomon Analyst WorldCom rested in the
hands of a single Lead Plaintiff and its counsel, and Hallisey
became simply a class member.  NYSCRF and Bernstein Litowitz had
been chosen and appointed as Lead Plaintiff and Lead Counsel in
the WorldCom Class Action in August 2002.

The responsibilities of the Lead Counsel in Salomon Analyst
WorldCom were described in the March 2003 Order.  Those
responsibilities included, inter alia, to "sign any consolidated
complaint, motions, brief, discovery requests, objections,
stipulations, or notices on behalf of plaintiffs in their action

for any matter arising during pretrial proceedings;" to "conduct
<u>all pretrial proceedings on behalf of plaintiffs in their</u>
<u>action</u>;" and to "conduct settlement negotiations with defense
counsel on behalf of plaintiffs in their action."  (Emphasis
supplied.)

The March 2003 Order noted the "pendency of similar claims"
in the <u>Securities Litigation</u> and that there were fully submitted
motions to sever analyst related claims in the <u>Securities</u>
<u>Litigation</u> and join them with the class claims asserted against
the Citigroup Defendants in Salomon Analyst WorldCom.  The March
2003 Order stated that should the severance motion be denied
"further proceedings in [<u>Salomon Analyst WorldCom</u>] shall be
stayed pending further Order of this Court."  The Order also
stated that the "complaints filed in any of the Salomon Analyst
Litigation cases already before this Court shall be deemed
withdrawn and shall be dismissed two weeks after the filing of
the consolidated amended complaints...."

On March 25, 2003, the motion to sever in the <u>Securities</u>
<u>Litigation</u> was denied and Salomon Analyst WorldCom was stayed.
<u>In re WorldCom Sec. Litig.</u>, 02 Civ. 3288 (DLC), 2003 WL 1563412
(S.D.N.Y. Mar. 25, 2003).  No consolidated amended complaint in
Salomon Analyst WorldCom was filed.


<u>Individual Actions</u>

The WorldCom Individual Actions alleged individual, rather
than class, claims and were filed in venues across the country,
primarily in state courts.  Most were removed to federal court as

"related to" the WorldCom bankruptcy and tranferred by the MDL
Panel to this Court.

Beginning in the fall of 2003, the defendants in the
Securities Litigation began to bring four waves of motions to
dismiss the Individual Actions.  See, e.g., In re WorldCom Sec.
Litig., 02 Civ. 3288 (DLC), 2006 WL 770561, *1 (S.D.N.Y. Mar. 24,
2006); In re WorldCom Sec. Litig., 02 Civ. 3288 (DLC), 2006 WL
728518, *1 & n.2 (S.D.N.Y. Mar. 22, 2006).  Meanwhile, fact
discovery in the WorldCom Class Action and the Individual Actions
was consolidated.  A November 14, 2003 Order set a schedule for
discovery to be taken of defendants by both the Class Action and
Individual Action plaintiffs in the Securities Litigation.  Fact
discovery, excluding discovery of the plaintiffs in the
Individual Actions, closed in the Securties Litigation on July 9,
2004.  The schedule for fact discovery of the plaintiffs who had
filed Individual Actions was addressed in an Order of March 6,
2006, and will close on November 3, 2006.


Citigroup Defendants Settle

In May 2004, after a significant period of negotiations
under the supervision of two judicial officers, Hons. Robert W.
Sweet and Michael Dolinger, a settlement between the Lead
Plaintiff and the Citigroup Defendants was reached.  A statement
on May 10, 2004 announced the settlement and on July 1, 2004, the
settlement was executed ("Citigroup Settlement").  As a provision
of the Citigroup Settlement, the parties agreed to move to
transfer Salomon Analyst WorldCom to this Court.  They also

agreed to submit an order of dismissal of the claims in Salomon
Analyst WorldCom with prejudice to become effective "upon the
Final Approval of this Settlement" in the WorldCom Class Action
and to provide notice to the class in the <u>Securities Litigation</u>
of the intent to dismiss Salomon Analyst WorldCom as part of the
notice of settlement of the class action.   The Citigroup
Settlement stated that it was "a condition to the effectiveness
of the [Citigroup Settlement]" that the order dismissing the
claims in Salomon Analyst WorldCom "be entered and becomes
final."

<u>Dismissal of Salomon Analyst WorldCom</u>

On July 16, 2004, the Lead Plaintiff and the Citigroup
Defendants executed a stipulation, eventually entered on August
10, 2004 ("August 2004 Stipulation") transferring Salomon Analyst
WorldCom to this Court and "providing for dismissal of the claims
in [Salomon Analyst WorldCom] with prejudice and without costs or
expenses to any party, which dismissal of claims will only become
effective upon Final Approval" of the Citigroup Settlement.   The
stipulation also provided for immediate dismissal of Salomon
Analyst WorldCom pursuant to Rule 54(b), conditioned on final
approval of the Citigroup Settlement.   The August 2004
Stipulation was signed by Judge Lynch on July 26, 2004.

The August 2004 Stipulation provided that notice of Salomon
Analyst WorldCom would be provided as part of the notice of the
Citigroup Settlement.   While the notice of the Citigroup

Settlement provided to class members, including Hallisey, in the
WorldCom Class Action did not explicitly mention Salomon Analyst
WorldCom, the notice described the claims that were released by
those who participated in the Settlement as including "all claims
arising out of or relating to any analyst research reports or
other statements made or issued by the Citigroup Defendants
concerning WorldCom...."  Such a description left no doubt that
the claims in Salomon WorldCom Analyst were being dismissed.

On November 12, 2004, the Citigroup Settlement was approved
("November 2004 Order").  The November 2004 Order described the
notice that had been provided to the class, that class members
had been given the opportunity to request to be excluded and
stated that "all members of the Class who did not elect to
exclude themselves by written communication postmarked or
delivered on or before September 1, 2004, as required in the
Notice of Class Action and extended by the Hearing Order of July
16, 2004, or who revoked their exclusion request prior to
September 1, 2004, are bound by this Judgment."

On August 31, 2004, Hallisey served a request for exclusion
from the WorldCom Class Action on the Claims Administrator.
Hallisey's timely request for exclusion was noted in exhibit A of
the March 9, 2005 Order Regarding Class Membership in the
WorldCom Class Action.

On September 30, 2005 ("September 2005 Order"), this Court
issued an Order taking note of the August 2004 Stipulation and
stating that the "[f]inal approval of the Citigroup Settlement

having been given on November 12, 2004" the dismissal of the
Salomon Analyst WorldCom "is effective" and ordered the Clerk of
Court to close the actions that had been consolidated as Salomon
Analyst WorldCom in Judge Jones' January 2003 Order.  The
Hallisey Action was listed as one of the actions to be closed.
On November 5, 2005, Hallisey filed its motion seeking relief
from the September 2005 Order.


## Discussion


Under Federal Rule of Civil Procedure 60(b), a court may
relieve a party from a "final judgment, order or proceeding" for
"(1) mistake, inadvertance, surprise or excusable neglect" or
"(6) any other reason justifying relief from the operation of the
judgment."  Fed R. Civ. P. 60(b).  A Rule 60(b) motion must be
made "within a reasonable time" and for a motion made pursuant to
Rule 60(b)(1) must be made "not more than one year after the
judgment, order, or proceeding was entered or taken."  Fed R.
Civ. P. 60(b).  While Hallisey frames its request for relief
under both Rule 60(b)(1) and 60(b)(6), "if the reasons offered
for relief from judgment can be considered in one of the more
specific clauses of 60(b), such reasons will not be considered
under Rule 60(b)(6)."  United States v. Int'l Bhd. of Teamsters,
247 F.3d 370, 391-92 (2d Cir. 2001).  Because all of Hallisey's
arguments are properly characterized as supporting relief under

11

Rule 60(b)(1), Hallisey may not separately seek relief under Rule 60(b)(6).

"A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." Id. at 391. Rule 60(b) "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (citation omitted). "In deciding a Rule 60(b) motion a court must balance the policy in favor of hearing a litigant's claims on the merits against the policy in favor of finality." Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987). Before granting relief from a final judgment, courts generally require that evidence in support of the motion be "highly convincing"; that the party show good cause for failure to act sooner; and that no undue hardship be imposed on other parties. Id. (citation omitted).

A motion under Rule 60(b)(1) may be dismissed as not within a "reasonable time" despite the fact that it was filed within a year of the judgement. Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation, 605 F.2d 648, 656 (2d Cir. 1979). "[A]s the delay in making the motion approaches one year there should be a corresponding increase in the burden that must be carried to show the delay was reasonable." Id. (citation omitted).

Hallisey improperly frames its motion as relief from the September 2005 Order. The relief Hallisey seeks is from the

12

August 2004 Stipulation, which dismissed Salomon Analyst
WorldCom.  Because Hallisey's motion was not filed within a year
of the entry of the August 2004 Stipulation, it is denied as
untimely.

Hallisey was one of group of plaintiffs or groups of
plaintiffs who sought to bring a class action on behalf of all
WorldCom shareholders.  In order to avoid duplicative litigation
and pursuant to the Private Securities Litigation Reform Act of
1995 ("PLSRA"), the January 2003 Order combined his putative
class action with sixteen other actions that sought to certify
essentially the same class based on the same claims.  Once
Hallisey's action was consolidated as part of Salomon Analyst
WorldCom and NYSRF was appointed Lead Plaintiff in that action,
Hallisey lost any role in directing the claims it had sought to
bring.  Those claims, as described in Hallisey's complaint,
belonged to the class, of which Hallisey was a member.  All
decision-making authority for the class, including the power to
sign stipulations and to conduct settlement negotiations on
behalf of the class was given to the Lead Plaintiff, NYSCRF.  In
the August 2004 Stipulation, Lead Plaintiff, acting within its
authority under the March 2003 Order, stipulated to the dismissal
of the Salomon Analyst WorldCom litigation as part of the
Citigroup Settlement.  When that stipulation was approved by
Judge Lynch, the action was effectively dismissed.  Since Salomon
Analyst WorldCom was entirely duplicative of the WorldCom Class

Action, Hallisey's rights as a class member continued unimpaired
in the WorldCom Class Action.

Hallisey concedes that its application is subject to an
exercise of this Court's discretion.  Hallisey makes four
arguments as to why it should be granted relief from the August
2004 Stipulation.  None are persuasive.

Hallisey argues that its Rule 60(b) motion only seeks to
modify the September 2005 Order and thus is timely.  Hallisey
suggests that reading the August 2004 Stipulation as dismissing
its claim ignores the plain language of the stipulation, and
that, if the August 2004 Stipulation is read to have dismissed
Hallisey's claims, the September 2005 Order would have been
meaningless.  Hallisey's reference to the plain language of the
August 2004 Stipulation refers to the condition that the
dismissal would only "become effective upon the Final Approval of
the [Citigroup Settlement]."

The language to which Hallisey points only emphasizes that
the dismissal of the Salomon Analyst WorldCom claims was
understood to be an intergal part of the settlement with
Citigroup, a settlement that encompassed and benefitted all
members of the putative Salomon Analyst WorldCom class.  Each
member of that putative class action was able to recover as part
of the already certified WorldCom Class Action.  The fact the
dismissal was conditioned on the entry of the November 2004 Order
does not make the intent to dismiss Salomon Analyst WorldCom
expressed in the August 2004 Stipulation any less clear.

14

Even if the November 2004 Order were treated as the day of the judgment from which Hallisey seeks relief, Hallisey's motion would still be denied as untimely. If measured from the November 2004 Order, Hallisey waited almost a year to bring its motion, and therefore still faces a heavy burden in showing that its delay was reasonable. Hallisey has entirely failed to satisfy that burden.

As for the meaning of the September 2005 Order, it simply clarified for the Clerk of Court that the claims in the cases that had been consolidated as Salomon Analyst WorldCom had been dismissed by the August 2004 Stipulation and the November 2004 Order and that as a result those cases should be closed. The relief Hallisey seeks is not from the closing of its case, but from the dismissal of those claims.

Second, Hallisey argues that it should be granted relief because it timely and validly opted out of the WorldCom Class Action and therefore was not subject to the November 2004 Order. By timely filing a request for exclusion from the WorldCom Class Action, Hallisey was entitled to file its own Individual Action and was not bound by the judgment entered in the WorldCom Class Action. This decision to opt out of the WorldCom Class Action did not revive any rights, however, that Hallisey had to control the action it filed in 2002. Hallisey lost all control over the action it filed in 2002 when the action was consolidated in 2003 with the other Salomon Analyst WorldCom litigation and NYSCRF was appointed as Lead Plaintiff. Hallisey's failure to take any

action within Salomon Analyst WorldCom, including its failure to object the August 2004 Stipulation, is entirely understandable given its loss of its motion to be appointed lead plaintiff.

Third, Hallisey argues that it never consented to dismissal of its action in 2004, and that the September 2005 Order closing its action is inconsistent with Federal Rule 41, Fed R. Civ. P. 41, because it never gave Lead Plaintiff authority to dismiss its non-class claims and because it never received notice of the July 1, 2004 "Dismissal Stipulation."

Hallisey's arguments based on its "non-class claims" are difficult to fathom.  Hallisey is unable to point to any claims in its complaint that were separate from those that were pursued in the consolidated Salomon Analyst WorldCom putative class action.  If Hallisey believed that its action was somehow different from the other actions brought in Salomon Analyst WorldCom, the time to raise that concern was at the time its action was consolidated in front of Judge Jones.  The plaintiffs who opted out of the WorldCom Class Action and filed Individual Actions actively litigated those lawsuits within the Securities Litigation.  Fact discovery went forward, motions to dismiss were decided, and for those few Individual Actions that did not settle, a scheduling order has provided for discovery of plaintiffs, expert discovery, and the filing of summary judgment motions.  If Hallisey felt it wished to pursue individual claims, as its counsel well knew, it had the right to file an Individual

16

Action and actively litigate it in the context of the Securities Litigation.[2]

There is no evidence that Hallisey ever believed that it had filed an individual action in 2002 or that it expected to conduct an individual action within the context of its putative class action.  For at least three years it stood silent as the action was consolidated and treated as a duplicative, putative class action.  To the extent that any individual claims could be located within that action, Hallisey abandoned them and has not shown it is entitled to an exercise of discretion to revive them.

The fundamental question remains why did Hallisey do nothing between August 10, 2004, the day the August 2004 Stipulation was entered on the docket, and November 5, 2005.  Even if Hallisey had somehow overlooked the August 2004 stipulation when it was entered on the Court's docket, Hallisey's decision in August 2004 to opt-out of the WorldCom settlement class should have prompted Hallisey to evaluate its options for pursuing any individual claims it sought to bring against the SSB Defendants.  Hallisey's alleged failure to become aware at that time, more than a year before it filed the instant motion, that Salomon Analyst WorldCom has been dismissed is inexcusable.

---

[2] Hallisey's counsel filed an Individual Action on behalf of the Regents of the University of California and has actively pursued these claims in Regents of the University of California v. Salomon Smith Barney Inc., 03 Civ. 6219, one of the Individual Actions in the Securities Litigation.  See, e.g., In re WorldCom Sec. Litig., 02 Civ. 3288 (DLC), 2003 WL 22768231 (S.D.N.Y. Nov. 24, 2003).

Hallisey argues that it cannot be accused of being dilatory because prosecution the Salomon Analyst WorldCom was stayed, first by the March 2003 Order and than by the Citigroup Settlement, which enjoined further prosecution of suits against the Citigroup Defendants during the settlement approval process. While the stay might have prevented Hallisey from prosecuting its action, it would not have prevented Hallisey from raising concerns that its claims were being improperly dismissed.  Even if Hallisey was right that it was unable to speak until the end of the settlement approval process, that process ended on November 12, 2004.  Hallisey provides no explanation for why it then waited a whole year after the approval of the settlement to raise its concerns that its "individual" claims had been inadvertently dismissed.

Finally, Hallisey argues that the August 2004 Stipulation offends due process.  This argument is similarly empty.  Hallisey was given an opportunity to opt-out from the class, and thereby preserve its right to pursue an individual action against Citigroup.  That choice satisfied due process.  Hallisey was not free to sit on its hands and wait for fifteen months before attempting to resurrect a putative class action that had been fairly settled and to recharacterize it as an individual action. Hallisey fails to raise any due process concerns.

## Conclusion

Hallisey's Rule 60(b) motion for relief from the July 26, 2004 Order is denied as untimely.


SO ORDERED:

Dated:      New York, New York
            September 22, 2006
                                    _____
                                         DENISE COTE
                                    United States District Judge